**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

vs.                                                    Case No. 6:12-cr-209-Orl-37DAB

ILAN FEDIDA

_____

**ORDER**

This cause is before the Court on Defendant's Motion for Ruling on Admissibility of Prior Expert Testimony Under Rule 804 (Doc. 74), filed June 17, 2013. Defendant seeks to admit at trial, under Federal Rule of Evidence 804(a)(5)(A), transcripts of the testimony of certain expert witnesses who were retained by claimant in an unrelated civil forfeiture action. The testimony was given in that case on December 6, 2012, at a hearing that was consolidated with a hearing held in this case on Defendant's Motion to Dismiss the Indictment. The Government opposes Defendant's request, arguing that Defendant has not shown that the expert witnesses are unavailable to testify. (Doc. 77.)

The expert witness testimony that Defendant seeks to admit at trial is hearsay.[1] Consequently, it is not admissible unless an exception applies. Fed. R. Evid. 802. Defendant contends that the testimony is admissible under Federal Rule of Evidence 804(b)(1). Defendant argues that he is unable to retain these experts because, as his assets were seized by the Government, he cannot afford to pay their fees and expenses. He therefore contends they are unavailable as a witness in accordance with Federal Rule of Evidence 804(a)(5)(A).

Rule 804(b)(1) provides that, if the declarant is unavailable to be a witness, the

_____

[1] Defendant has not identified with particularity what testimony he intends to introduce into evidence.

former testimony of the declarant is admissible as an exception to the hearsay rule if (1) the testimony was taken at a deposition or hearing, and (2) the Government had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. *See United States v. Acosta*, 769 F.2d 721, 722–23 (11th Cir. 1985). Defendant has the burden of showing that the expert witnesses who testified on December 6, 2012, are unavailable. *Id.* Defendant contends that the experts are unavailable pursuant to Rule 804(a)(5)(A), which requires Defendant to show that he "has not been able, by process or other reasonable means, to procure" their attendance at trial.

Defendant has offered no evidence in support of his motion. There is no evidence that Defendant has requested the services of any of the experts that testified at the December 6, 2012 hearing, and no evidence that they refused to testify on his behalf at trial. *See id.* at 723 (concluding that the district court did not abuse its discretion when it determined that counsel's uncorroborated statement was not sufficient to satisfy the burden of demonstrating that a witness was unavailable); *see also Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995) (concluding that the proponent made no showing that an expert witness was unavailable where the proponent made no attempt to contact expert, offer him his usual expert witness fee, and request his attendance at trial). Further, while not the usual practice, Defendant has not shown that the experts cannot be compelled to attend trial. *See, e.g.*, *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 535–36 (2d Cir. 1973) ("The weight of authority holds that, although it is not the usual practice, a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state

whatever opinions he may have previously formed."). The Court therefore concludes that the motion should be denied. If Defendant chooses to renew this motion, he shall identify the proposed testimony with particularity and, with regard to each expert witness, make a showing as to the circumstances of the witness' unavailability.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Ruling on Admissibility of Prior Expert Testimony Under Rule 804 (Doc. 74) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 8, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record

---

[2] In addition to the points raised by the Government, the Court notes that, at least with regard to some of the experts who testified at the December 6, 2012 hearing, there may be some question of whether the Government truly had an opportunity to develop the testimony by direct, cross, or redirect examination as required by Rule 804(b)(1).